UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARIA CARMEN RUBIO BARRAGAN,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR,

Respondent.

Case No. C26-1291-RSM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

This matter comes before the Court on Petitioner Maria Carmen Rubio Barragan's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. Dkt. #1. The Court has reviewed the petition, the Response filed by the Government, Dkt. #5, and the remainder of the record. The Court adopts the following facts from the Petition, Dkt. #1, and a declaration of a deportation officer provided by the Government, Dkt. #6.

Petitioner entered the United States without inspection at an unknown date, time, and location. Petitioner was arrested by ICE on December 12, 2025, and is presently detained at the Northwest ICE Processing Center in Tacoma, Washington. On March 2, 2026, an immigration judge ordered Petitioner removed to Mexico. On April 1, 2026, Petitioner appealed the immigration judge's decision to the Board of Immigration Appeals, which remains pending. The Government asserts that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. §

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 1

1225(b)(2)(A).  *See* Dkt. #7-3 (Notice to Appear stating that Petitioner is a non-citizen "present in the United States who has not been admitted or paroled.").

The Department of Homeland Security and the Executive Office for Immigration Review each have nationwide policies mandating the detention of all persons who entered without admission or parole, regardless of whether that person was apprehended upon arrival.  Most recently, on September 5, 2025, in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), the Board of Immigration Appeals held that all persons who have entered the United States without admission or parole are now subject to mandatory detention under § 1225(b)(2)(A).

Prior to the filing of this petition, this Court declared the above policy likely unlawful.  *See Rodriguez Vazquez v. Bostock*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025).

Petitioner argues that she is not subject to mandatory detention but is instead subject to § 1226(a),  which allows for release on conditional parole or bond, and requests that the Court "grant a bond review[.]" Dkt. #1 at 3.  § 1226(a) expressly applies to people who, like Petitioner, are charged as inadmissible for having entered the United States without admission or parole.

The Government asserts that Petitioner is a member of the *Rodriguez Vazquez* Bond Denial Class and acknowledges that the Court in *Rodriguez Vazquez* has now granted summary judgment and found that detention pursuant to 8 U.S.C. § 1225(b)(2) of the defined class is unlawful.  *Rodriguez Vazquez v. Bostock*, No. 3:25-cv-05240-TMC, 2025 WL 2782499 (W.D. Wash. Sept. 30, 2025).  Dkt. #5 at 2.  The Government states:

> While Respondent does not concede that the *Rodriguez Vazquez* decision was correctly decided, Respondent does not oppose Petitioner being considered a member of the *Rodriguez Vazquez* Bond Denial Class for purposes of this litigation. Petitioner has not yet had a bond determination hearing.  Petitioner's immigration case is still on administrative appeal and she does not yet have an administrative final order of removal. . . . If the Court were to grant the habeas petition, the appropriate relief is not release from detention as requested.  Rather, this Court should order the immigration court to provide Petitioner with a bond hearing

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 2

pursuant to 8 U.S.C. § 1226(a), consistent with the district court's decision in *Rodriguez Vazquez*. . . . At the Section 1226(a) bond redetermination hearing, Petitioner, who has been in immigration detention for less than five months, should be required to demonstrate by the preponderance of the evidence that [s]he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."

*Id*. at 3-4 (quoting *Matter of Guerra*, 24 I. &N. Dec. 37, 40 (B.I.A. 2006)).

Federal courts have authority to grant writs of habeas corpus to an individual in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). In this case, Petitioner contends that her arrest and detention violate the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment to the United States Constitution, which prohibits the federal government from depriving any person of "life, liberty, or property, without due process of law[.]" U.S. Const. Amend. V. The right to due process extends to "all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

The Court finds that Petitioner is a member of the Bond Denial Class in *Rodriguez Vazquez*, *supra*, and that the appropriate relief in this case is to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). However, the Court rejects the Government's contention that Petitioner should bear the burden of proof at said hearing. Consistent with other decisions in this district, the Court finds that the Government will bear this burden of showing by clear and convincing evidence that Petitioner is a danger to the community or flight risk. *See*, *e.g.*, *Geler v. Blanche*, No. 2:26-cv-00481-LK, 2026 WL 1251660, at *7 (W.D. Wash. May 7, 2026); *Barrie v. Scott*, No. 2:26-cv-00880-TMC, 2026 WL 1213605, at *7 (W.D. Wash. May 4, 2026); *Dovlatov v. Hernandez*, No. 2:26-cv-00826-JNW, 2026 WL 1030454, at *3 (W.D. Wash. Apr.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 3

16, 2026); *Odimara v. Bostock*, No. C24-1412 MJP, 2025 WL 1489705, at *1 (W.D. Wash. May 23, 2025).

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

(1) Petitioner's habeas petition is GRANTED.

(2) The Government shall provide Petitioner with an individualized bond hearing under § 1226(a) before an immigration judge within fourteen (14) days of this Order.  At the bond hearing, the Government bears the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.

(3) If a bond hearing is not provided with fourteen (14) days of this Order, Petitioner shall be released immediately under appropriate conditions of supervised release.

(4) The Government shall file a Status Report with the Court no later than fifteen (15) days from this order, detailing if and when the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial.

DATED this 13ᵗʰ day of May, 2026.

_____
Ricardo S. Martinez
United States District Judge

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 - 4